## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M.D. RAYMOND ALEXANDER,** | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO. 03-3514** |
| **ROBERT SHANNON et al.,** | : | |
| *Respondents.* | : | |

### MEMORANDUM OPINION

**Scott, J.**                                                                                  **March 30, 2026**

Petitioner Raymond Alexander filed a motion for relief from judgment under Rule 60(b). ECF Nos. 25 & 26.[1]  As the Court writes for the parties, it need not describe the facts of this case in detail.  Essentially, Mr. Alexander presently seeks relief from the district court's denial in 2005 of his habeas corpus petition, and the Third Circuit's affirmation in 2006 of the district court's decision, because 18 Pa.C.S. § 3102[2] unconstitutionally shifts the burden of proof to the accused.  ECF No. 25 ("Motion") at 2.  He argues that the unconstitutionally of § 3102 negates procedural time limits on bringing a motion under Rule 60(b).  Simultaneously, he argues that his legal argument against the constitutionality of § 3102 is a "newly discovered fact of the improper shift of the burden of proof [that] was discovered by petitioner in Nov. 2024, and this filing is timely under FedRCivProc 60(b)."  Motion at 2-3.

Contrary to Mr. Alexander's assertion of timeliness, his Rule 60(b) motion is not timely. Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or

---

[1] The motions are identical, and the Court shall only cite to ECF No. 25.

[2] "Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age." 18 Pa.C.S. § 3102.

1

the date of the proceeding." Mr. Raymond's description of § 3102 as an unconstitutional law and "newly discovery fact" due to the Commonwealth's "fraudulent concealment" could situate his motion under Rule 60(b)(2) or (3). Both require bringing a motion within one year of the entry of judgment. The Third Circuit affirmed the district court's denial of Mr. Raymond's habeas petition in 2006. Mr. Raymond made his Rule 60(b) motion in 2024.

Even if Mr. Raymond brings his Rule 60(b) motion under subsections (4), (5), or (6), such motions must be made "within a reasonable time." FED. R. CIV. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing FED. R. CIV. P. 60(b)). Mr. Alexander filed his Rule 60(b) motion in 2024 after his habeas petition was denied in 2006. He argues that his legal argument against the constitutionality of § 3102 is a "newly discovered fact," but a claim against the constitutionality of § 3102 is a legal argument. Mr. Raymond has not shown good reason for his failure to take action sooner. Thus, the Court finds that Mr. Alexander did not bring his Rule 60(b) motion within a reasonable time. *Moolenaar*, 822 F.2d at 1348 (finding that a Rule 60(b) motion made almost two years after the original judgment was not within a reasonable time).

Therefore, Mr. Raymond's Rule 60(b) motion is denied.